UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ENVIRONMENTAL LAW AND POLICY )
CENTER, et al.,                )
    Plaintiffs,            )
                               )   No. 17-cv-1514
v.                             )
                               )   Hon. James G. Carr
UNITED STATES ENVIRONMENTAL    )
PROTECTION AGENCY, et al.,     )
    Defendants.            )
_____)

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendants United States Environmental Protection Agency, Scott Pruitt in his official capacity as Administrator of the United States Environmental Protection Agency, and Robert Kaplan in his official capacity as Acting Regional Administrator of the United States Environmental Protection Agency, Region 5 (collectively, "Defendants") answer the Complaint as follows:

1.  The allegations in the first sentence in Paragraph 1 characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence in Paragraph 1 characterize provisions of the Clean Water Act and the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.  Defendants admit the allegations in the third sentence in Paragraph 1 only to the extent that the State of Ohio did not assess the open waters of the western basin of Lake Erie or include them on its 2016 list submitted pursuant to Section 303(d) of the Clean Water Act, and that

algae blooms have occurred on those waters, but lack knowledge or information sufficient to form a belief about the truth of the allegations about the nature and extent of the toxicity of those blooms or the likelihood of their reoccurrence, which are vague and ambiguous, and deny the remaining allegations in the third sentence in Paragraph 1.  The allegations in the fourth sentence in Paragraph 1 characterize documents, the Michigan Department of Environmental Quality's 2016 Section 303(d) list submission and U.S. EPA's approval thereof.  Those documents speak for themselves and are the best evidence of their contents.  The allegations in the fifth sentence in Paragraph 1 constitute conclusions of law, to which no response is required, but to the extent that the fifth sentence in Paragraph 1 contains allegations to which a response is required, they are denied.

2.  The allegations in Paragraph 2 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 2 contains allegations to which a response is required, they are admitted.

3.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in Paragraph 3, which are vague and ambiguous.  Defendants admit the allegations in the second sentence in Paragraph 3 only to the extent that phosphorus pollution from non-point sources such as fertilizer and manure runoff has entered portions of Lake Erie, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence in Paragraph 3, which are vague and ambiguous. Defendants admit the allegations in the third sentence in Paragraph 3 only to the

extent that phosphorous pollution has contributed to decreased water quality in portions of Lake Erie, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence in Paragraph 3, which are vague and ambiguous.

4.   Defendants admit the allegations in the first sentence in Paragraph 4 only to the extent that phosphorous pollution can contribute to the growth of algal blooms, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence in Paragraph 4, which are vague and ambiguous.  Defendants admit the allegations in the second sentence in Paragraph 4 only to the extent that algal blooms are able to produce and release toxins such as microcystin, which can sicken people and pets, and also sicken or even kill aquatic life, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence in Paragraph 4, which are vague and ambiguous.  Defendants admit the allegations in the third sentence in Paragraph 4 only to the extent that algal blooms can lower the levels of oxygen in the water and block sunlight which can adversely affect fish and other aquatic life, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence in Paragraph 4, which are vague and ambiguous.

5.   Defendants admit the allegations in the first sentence in Paragraph 5 only to the extent that algal blooms have occurred on portions of Lake Erie, and lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations in the first sentence in Paragraph 5, which are vague and ambiguous.  Defendants admit the allegations in the second sentence in Paragraph 5 only to the extent that U.S. EPA approved Michigan's determination that the portions of Lake Erie within Michigan's jurisdiction are impaired for the Other Indigenous Aquatic Life and Wildlife use, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence in Paragraph 5, which are vague and ambiguous.  Defendants admit the allegations in the third sentence in Paragraph 5 only to the extent that algal blooms can produce microcystin that can contaminate drinking water intakes and render the water undrinkable without treatment, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence in Paragraph 5, which are vague and ambiguous.

6.  The allegations in the first and second sentences in Paragraph 6 characterize a document, National Oceanic and Atmospheric Administration, Experimental Lake Erie Harmful Algal Bloom Bulletin 27 at 1 (Nov. 10, 2015), which speaks for itself and is the best evidence of its contents.  Defendants admit the allegations in the third sentence in Paragraph 6 only to the extent that algal blooms were observed in portions of Lake Erie in 2011 and 2013, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence in Paragraph 6, which are vague and ambiguous.  The allegations in the fourth and fifth sentences in Paragraph 6 characterize a document, Tom Henry, *Toledo Seeks Return to Normalcy After Do Not Drink Water Advisory Lifted*,

TOLEDO BLADE,  Aug. 5, 2014, which speaks for itself and is the best evidence of its contents.

7.   The allegations in Paragraph 7 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

8.  The allegations in Paragraph 8 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 8 contains allegations to which a response is required, they are denied.

9.  The allegations in Paragraph 9 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

10. The allegations in Paragraph 10 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in Paragraph 11, which are vague and ambiguous.  The allegations in the second sentence in Paragraph 11 characterize a document, Ohio Environmental Protection Agency, Ohio 2016 Integrated Water Quality Monitoring and Assessment Report D-2, J-16 (Oct. 2016) ("2016 Integrated Report"), which speaks for itself and is the best evidence of its contents.

12. Defendants admit the allegations in Paragraph 12 only to the extent that Ohio EPA did not include the open waters of Lake Erie within its jurisdiction in its 2016 Section 303(d) list submission, and deny the remaining allegations in Paragraph 12.

13. The allegations in Paragraph 13 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 13 contains allegations to which a response is required, they are denied.

14. The allegations in Paragraph 14 characterize a document, Michigan Department of Environmental Quality, Water Resources Division, Water Quality and Pollution Control in Michigan: 2016 Sections 303(d), 305(b), and 314: Integrated Report (Rev'd Jan. 2017), which speaks for itself and is the best evidence of its contents.

15. The allegations in Paragraph 15 characterize a document, U.S. EPA, Decision Document for the Approval of Michigan's 2016 Clean Water Act Section 303(d) List (Category 5) 22 (Feb. 2, 2017), which speaks for itself and is the best evidence of its contents.

16. The allegations in Paragraph 16 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 16 contains allegations to which a response is required, they are denied.

17. Defendants admit the allegations in the first sentence in Paragraph 17. The allegations in the second sentence in Paragraph 17 characterize a document, U.S. EPA, Approval of Ohio's Submission of the State's Integrated Report With Respect To Section 303(d) of the Clean Water Act (Category 5 Waters) 9 (May 19, 2017) ("U.S. EPA Approval"), which speaks for itself and is the best evidence of its contents.

18. Defendants deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.

20. The allegations in Paragraph 20 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 20 contains allegations to which a response is required, they are denied.

21. The allegations in Paragraph 21 characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.

22. Defendants admit the allegations in Paragraph 22.

23. The allegations in Paragraph 23 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 23 contains allegations to which a response is required, they are admitted.

24. The allegations in the first sentence in Paragraph 24 characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence in Paragraph 24 constitute conclusions of law, to which no response is required, but to the extent that the second sentence in Paragraph 24 contains allegations to which a response is required, they are denied.

25. The allegations in Paragraph 25 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 25 contains allegations to which a response is required, Defendant does not contest the Court's subject matter

jurisdiction but cannot confer jurisdiction upon the Court by admission of the allegations.

26. The allegations in Paragraph 26 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 26 contains allegations to which a response is required, Defendants admit that an actual and substantial controversy exists between the Plaintiffs and Defendants over U.S. EPA's decision to approve the State of Ohio's 2016 Section 303(d) list, and deny the remaining allegations in Paragraph 26.

27. The allegations in the first sentence in Paragraph 27 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 27 contains allegations to which a response is required, Defendants admit that the Northern District of Ohio, Eastern Division, is a proper venue for this matter.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32 only to the extent that U.S. EPA is an agency within the United States government that is responsible for implementing the Clean Water Act and approving or disapproving each state's Section 303(d) list.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit the allegations in Paragraph 34.

35. The allegations in Paragraph 35 characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences in Paragraph 36. Defendants admit the allegations in the third sentence in Paragraph 36 only to the extent that U.S. EPA approved Michigan's determination that the portions of Lake Erie within its jurisdiction are impaired for the Other Indigenous Aquatic Life and Wildlife use and Ohio's determination that portions of Lake Erie within its jurisdiction are impaired for the Public Drinking Water use, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence in Paragraph 36, which are vague and ambiguous.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. The allegations in the first sentence in Paragraph 38 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 38 contains allegations to which a response is required, they are denied. The allegations in the second sentence in Paragraph 38 constitute conclusions of law, to which no response is required, but to the extent that the second sentence in Paragraph 38 contains allegations to which a response is required, Defendants admit that Ohio did not include the open waters of Lake Erie within its jurisdiction on its 2016 Section 303(d) list submission, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.  The allegations in the third sentence in Paragraph 38 constitute conclusions of law, to which no response is required, but to the extent that the third sentence in Paragraph 38 contains allegations to which a response is required, they are denied.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in Paragraph 39, which are vague and ambiguous.  The allegations in the second sentence in Paragraph 39 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

40. The allegations in the first sentence in Paragraph 40 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Paragraph 40.

41. Defendants admit the allegations in the first and second sentences in Paragraph 41.  The allegations in the third and fourth sentences in Paragraph 41 characterize provisions of the Clean Water Act, the Code of Federal Regulations, and U.S. EPA guidance documents, which speak for themselves and are the best evidence of their contents.

42. The allegations in Paragraph 42 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 42 contains allegations to which a response is required, they are denied.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, which are vague and ambiguous.

44. The allegations in the first sentence in Paragraph 44 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 44 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in Paragraph 44, which are vague and ambiguous. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. The allegations in the first sentence in Paragraph 46 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 46 contains allegations to which a response is required, they are denied. Defendants admit the allegations in the second sentence in Paragraph 46 only to the extent that a state's Section 303(d) list is an important informational tool for the general public, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence in Paragraph 46, which are vague and ambiguous.  Defendants deny the allegations in the third sentence in Paragraph 46.

47. The allegations in the first sentence in Paragraph 47 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 47 contains allegations to which a response is required, they are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences in Paragraph 47.

48. The allegations in Paragraph 48 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 48 contains allegations to which a response is required, they are denied.

49. Defendants deny the allegations in Paragraph 49.

50. The allegations in the first sentence in Paragraph 50 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 50 contains allegations to which a response is required, Defendants

admit that an order compelling U.S. EPA to disapprove Ohio EPA's 2016 Section 303(d) list and to add the open waters of Lake Erie to that list would trigger a duty for Ohio EPA to develop a Total Maximum Daily Load ("TMDL") for the open waters of Lake Erie within Ohio's boundaries, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence in Paragraph 50, which are vague and ambiguous.  Defendants admit the allegations in the second sentence in Paragraph 50 only to the extent that a TMDL must be set at the levels necessary to attain the applicable water quality standards, and lack knowledge or information sufficient to form a belief about the remaining allegations, which are vague and ambiguous.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, which are vague and ambiguous.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants admit the allegations in Paragraph 53 only to the extent that chemical phosphorus is a plant nutrient that can contribute to excessive growth of algae in waterbodies, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence in Paragraph 53, which are vague and ambiguous.  The allegations in the second and third sentences in Paragraph 53 characterize a document, the 2016 Integrated Report, which speaks

for itself and is the best evidence of its contents.  Defendants admit the allegations in the fourth sentence in Paragraph 53 only to the extent that harmful aquatic algae growths are generally known as harmful algal blooms or HABs, and deny the remaining allegations in the fourth sentence in Paragraph 53.

54. Defendants admit the allegations in Paragraph 54 only to the extent that wind or water currents can result in movement of algal blooms across a waterbody, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54.

55. Defendants admit the allegations in Paragraph 55 only to the extent that in some cases HABs can produce highly potent toxins that are a significant hazard for human health and ecosystem viability, and deny the remaining allegations in Paragraph 55.

56. Defendants admit the allegations in the first sentence in Paragraph 56 only to the extent that portions of Lake Erie, including a portion within Ohio's boundaries, have experienced harmful algal blooms over the last several years, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence in Paragraph 56, which are vague and ambiguous.  The allegations in the second sentence in Paragraph 56 characterize a document,  *Toledo Seeks Return to Normalcy After Do Not Drink Water Advisory Lifted*, TOLEDO BLADE,  Aug. 5, 2014, which speaks for itself and is the best evidence of its contents.

57. The allegations in Paragraph 57 characterize documents, satellite imagery from National Aeronautics and Space  Administration ("NASA") Moderate Resolution Imaging Spectroradiometer ("MODIS"), which speak for themselves and are the best evidence of their contents.

58. The allegations in Paragraph 58 characterize a document, NOAA, Partners Predict Significant Summer Harmful Algal Bloom For Western Lake Erie (July 13, 2017), which speaks for itself and is the best evidence of its contents.

59. Defendants admit the allegations in Paragraph 59 only to the extent that there are point sources of phosphorous pollution in Lake Erie, including but not limited to wastewater treatment plants, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59, which are vague and ambiguous.

60. The allegations in the first sentence in Paragraph 60 characterize a document, Ohio EPA, Ohio Lake Erie Phosphorus Task Force Final Report 17 (Apr. 2010), which speaks for itself and is the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Paragraph 60, which are vague and ambiguous.  Defendants admit the allegations in the third sentence in Paragraph 60 only to the extent that manure and fertilizer can be washed off fields during precipitation events, eventually ending up in the waters of Lake Erie, and lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations in the third sentence in Paragraph 60, which are vague and ambiguous.

61. The allegations in Paragraph 61 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

62. The allegations in Paragraph 62 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

63. The allegations in Paragraph 63 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

64. The allegations in Paragraph 64 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

65. The allegations in Paragraph 65 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

66. The allegations in Paragraph 66 characterize a provision of the Clean Water Act, which speaks for itself and is the best evidence of its contents.

67. The allegations in Paragraph 67 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

68. The allegations in Paragraph 68 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

69. The allegations in Paragraph 69 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

70. The allegations in Paragraph 70 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

71. The allegations in the first sentence in Paragraph 71 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence in Paragraph 71 characterize a provision of the Code of Federal Regulations and U.S. EPA guidance documents, which speak for themselves and are the best evidence of their contents.

72. The allegations in Paragraph 72 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

73. The allegations in Paragraph 73 characterize provisions of the Clean Water Act and the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

74. The allegations in Paragraph 74 characterize a provision of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

75. The allegations in Paragraph 75 characterize a document, U.S. EPA, 2002 Integrated Water Quality Monitoring and Assessment Report Guidance 5 (Nov. 19, 2001), which speaks for itself and is the best evidence of its contents.

76. The allegations in Paragraph 76 characterize a document, U.S. EPA, 2002 Integrated Water Quality Monitoring and Assessment Report Guidance 4-7 (Nov. 19, 2001), which speaks for itself and is the best evidence of its contents.

77. The allegations in Paragraph 77 characterize a document, U.S. EPA, Information Concerning 2014 Clean Water Act Sections 303(d), 305(b), and 314 Integrated Reporting and Listing Decisions 12 (Sept. 3, 2013), which speaks for itself and is the best evidence of its contents.

78. The allegations in Paragraph 78 characterize a document, U.S. EPA, Information Concerning 2014 Clean Water Act Sections 303(d), 305(b), and 314 Integrated Reporting and Listing Decisions 8 (Sept. 3, 2013), which speaks for itself and is the best evidence of its contents.

79. The allegations in Paragraph 79 characterize a document, U.S. EPA, Guidance for 2006 Assessment, listing and Reporting Requirements Pursuant to Sections 303(d), 305(b) and 314 of the Clean Water Act 42 (July 29, 2005), which speaks for itself and is the best evidence of its contents.

80. The allegations in Paragraph 80 characterize a document, U.S. EPA, Guidance for 2006 Assessment, listing and Reporting Requirements Pursuant to Sections 303(d), 305(b) and 314 of the Clean Water Act 42 (July 29, 2005), which speaks for itself and is the best evidence of its contents.

81. The allegations in Paragraph 81 characterize a document, U.S. EPA, Guidance for Water Quality-Based Decisions: The TMDL Process 7 (Apr. 1991), which speaks for itself and is the best evidence of its contents.

82. The allegations in Paragraph 82 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

83. The allegations in Paragraph 83 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

84. The allegations in Paragraph 84 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

85. The allegations in Paragraph 85 characterize provisions of the Ohio Administrative Code, which speak for themselves and are the best evidence of their contents.

86. The allegations in Paragraph 86 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

87. Defendants admit the allegations in the first sentence in Paragraph 87.  The allegations in the second sentence in Paragraph 87 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

88. The allegations in Paragraph 88 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

89. The allegations in Paragraph 89 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

90. The allegations in Paragraph 90 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

91. Defendants admit the allegations in Paragraph 91 only to the extent that Ohio has developed certain numeric values for algae-related toxins to use in conjunction with narrative standards to assess the public drinking water beneficial use, and deny the remaining allegations in Paragraph 91.

92. Defendants admit the allegations in the first sentence in Paragraph 92 only to the extent that since 2014, Ohio EPA has applied a numeric value of 1 microgram per liter for microcystin as a threshold for impairment of the public drinking water supply use by algae, based on a "do not drink" threshold adopted in Ohio EPA's 2012 "Public Water System Harmful Algal Bloom Response Strategy," and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence in Paragraph 92, which are vague and ambiguous.  The allegations in the second sentence in Paragraph 92 characterize a document, Ohio EPA, Public Water System Harmful Algal Bloom Response Strategy 9 (May 2012), which speaks for itself and is the best evidence of its contents.

93. The allegations in Paragraph 93 characterize a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

94. The allegations in Paragraph 94 characterize a document, Ohio EPA, Justification and Rationale for Revisions to the Dissolved Oxygen Criteria in the Ohio Water Quality Standards, OEPA Technical Bulletin MSA/1995-12-5 (Jan. 31, 1996), which speaks for itself and is the best evidence of its contents.

95. The allegations in Paragraph 95 characterize a document, Ohio EPA, Ohio 2014 Integrated Water Quality Monitoring and Assessment Report (Mar. 25, 2014) ("2014 Integrated Report"), which speaks for itself and is the best evidence of its contents.

96. The allegations in Paragraph 96 characterize a document, the 2014 Integrated Report, which speaks for itself and is the best evidence of its contents.

97. The allegations in Paragraph 97 characterize a document, the 2014 Integrated Report, which speaks for itself and is the best evidence of its contents.

98. The allegations in Paragraph 98 characterize a document, the 2014 Integrated Report, which speaks for itself and is the best evidence of its contents.

99. The allegations in Paragraph 99 characterize a document, the 2014 Integrated Report, which speaks for itself and is the best evidence of its contents.

100.    The allegations in Paragraph 100 characterize a document, the 2014 Integrated Report, which speaks for itself and is the best evidence of its contents.

101.    The allegations in Paragraph 101 characterize a document, U.S. EPA,
Decision Document for the Partial Approval of Ohio's Submission of the State's
Integrated Report With Respect To Section 303(d) of the Clean Water Act (Category
5 Waters) 3 (Aug. 7, 2015), which speaks for itself and is the best evidence of its
contents.

102.    The allegations in Paragraph 102 characterize a document, U.S. EPA,
Decision Document for the Partial Approval of Ohio's Submission of the State's
Integrated Report With Respect To Section 303(d) of the Clean Water Act (Category
5 Waters) 15 (Aug. 7, 2015), which speaks for itself and is the best evidence of its
contents.

103.    The allegations in Paragraph 103 characterize a document, U.S. EPA,
Decision Document for the Partial Approval of Ohio's Submission of the State's
Integrated Report With Respect To Section 303(d) of the Clean Water Act (Category
5 Waters) 16 (Aug. 7, 2015), which speaks for itself and is the best evidence of its
contents.

104.    The allegations in Paragraph 104 characterize a document, U.S. EPA,
Decision Document for the Partial Approval of Ohio's Submission of the State's
Integrated Report With Respect To Section 303(d) of the Clean Water Act (Category
5 Waters) 16 (Aug. 7, 2015), which speaks for itself and is the best evidence of its
contents.

105.    The allegations in Paragraph 101 characterize a document, Ohio Environmental Protection Agency, Ohio 2016 Integrated Water Quality Monitoring and Assessment Report (Draft Report) (July 2016) ("Draft 2016 Integrated Report"), which speaks for itself and is the best evidence of its contents.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 that "[d]espite its own earlier recognition of the importance of HABs," which are vague and ambiguous.  The remaining allegations in Paragraph 106 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents

107.    The allegations in Paragraph 107 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

108.    The allegations in Paragraph 108 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

109.    The allegations in Paragraph 109 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

110.    The allegations in Paragraph 110 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

111.    The allegations in Paragraph 111 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

112.    Defendants admit the allegations in Paragraph 112 only to the extent that Ohio EPA did not assess the open waters of Lake Erie within its jurisdiction, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112, which are vague and ambiguous, except for the language within the quotation marks, which characterizes a provision of the Ohio Administrative Code, which speaks for itself and is the best evidence of its contents.

113.    Defendants deny the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 characterize a document, the Draft 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

115.    The allegations in Paragraph 115 characterize a document, Comment letter from Jessica Dexter, Staff Attorney, ELPC *et al.*, to Ohio EPA (Aug. 29, 2016), which speaks for itself and is the best evidence of its contents.

116.    The allegations in Paragraph 116 characterize a document, Comment letter from Jessica Dexter, Staff Attorney, ELPC *et al.*, to Ohio EPA (Aug. 29, 2016), which speaks for itself and is the best evidence of its contents.

117.    The allegations in Paragraph 117 characterize a document, Comment letter from Jessica Dexter, Staff Attorney, ELPC *et al.*, to Ohio EPA (Aug. 29, 2016), which speaks for itself and is the best evidence of its contents.

118.    The allegations in Paragraph 118 characterize a document, Comment letter from Jessica Dexter, Staff Attorney, ELPC *et al.*, to Ohio EPA (Aug. 29, 2016), which speaks for itself and is the best evidence of its contents.

119.    Defendants admit the allegations in Paragraph 119.

120.    The allegations in Paragraph 120 characterize a document, the 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

121.    The allegations in Paragraph 121 characterize a document, the 2016 Integrated Report, which speaks for itself and is the best evidence of its contents.

122.    Defendants admit the allegations in Paragraph 122 only to the extent that Ohio EPA did not assess the impairment status of the open waters of Lake Erie, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 122, which are vague and ambiguous.

123.    Defendants admit the allegations in Paragraph 123 only to the extent that there was information available to Ohio EPA at the time it prepared the 2016 Integrated Report that could have been assembled and evaluated, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 123, which are vague and ambiguous.

124.    Defendants admit the allegations in Paragraph 124 only to the extent that information exists for portions of Lake Erie including water sampling data for microcystin, dissolved oxygen, chlorophyll a, and total phosphorus; satellite and

other images showing the presence of algal blooms; and scientific literature. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 124, which are vague and ambiguous.

125.    Defendants admit the allegations in the first and second sentences in Paragraph 125.  The allegations in the third sentence in Paragraph 125 characterize a document, U.S. EPA Approval at 9, which speaks for itself and is the best evidence of its contents.

126.    Defendants admit the allegations in Paragraph 126 only to the extent that U.S. EPA approved Ohio and Michigan's 2016 Section 303(d) lists and that Michigan's 2016 Section 303(d) list identified the waters of Lake Erie within its jurisdiction as impaired for HABs, and deny the remaining allegations in Paragraph 126.

127.    Defendants admit the allegations in Paragraph 127.

128.    Defendants admit the allegations in Paragraph 128.

129.    Defendants admit the allegations in Paragraph 129 only to the extent that Ohio, in preparing its 2016 Section 303(d) list, did not assemble and evaluate water quality data regarding the open waters of Lake Erie within its jurisdiction and that Michigan, in preparing its 2016 Section 303(d) list, did assemble and evaluate water quality data regarding the open waters of Lake Erie within its jurisdiction, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129, which are vague and ambiguous.

130.    Defendants deny the allegations in the first sentence in Paragraph 130.  The allegations in the second sentence in Paragraph 130 characterize a document, U.S. EPA, Decision Document for the Approval of Michigan's 2016 Clean Water Act Section 303(d) List (Category 5) 22 (Feb. 2, 2017), which speaks for itself and is the best evidence of its contents.

131.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131, which are vague and ambiguous.

132.    The allegations in Paragraph 132 characterize a document, U.S. EPA, Decision Document for the Approval of Michigan's 2016 Clean Water Act Section 303(d) List (Category 5) 64, 65 (Feb. 2, 2017), which speaks for itself and is the best evidence of its contents.

133.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133, which are vague and ambiguous.

134.    The allegations in Paragraph 134 characterize a document, U.S. EPA, Decision Document for the Approval of Michigan's 2016 Clean Water Act Section 303(d) List (Category 5) 22 (Feb. 2, 2017), which speaks for itself and is the best evidence of its contents.

135.    The allegations in Paragraph 135 characterize a document, United States and Canada, Great Lakes Water Quality Agreement (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

136.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136, which are vague and ambiguous.

137.    Defendants admit the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 characterize a document, United States and Canada, Great Lakes Water Quality Agreement 1 (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

139.    The allegations in Paragraph 139 characterize a document, United States and Canada, Great Lakes Water Quality Agreement 31 (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

140.    The allegations in Paragraph 140 characterize a document, United States and Canada, Great Lakes Water Quality Agreement 32, 33 (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

141.    Defendants admit the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 characterize a document, Great Lakes Water Quality Agreement Nutrients Annex Subcommittee, Recommended Binational Phosphorus Targets To Combat Lake Erie Algal Blooms (June 2015), which speaks for itself and is the best evidence of its contents.

143.    The allegations in Paragraph 143 characterize a document, Great Lakes Water Quality Agreement Nutrients Annex Subcommittee, Recommended

Binational Phosphorus Targets To Combat Lake Erie Algal Blooms (June 2015), which speaks for itself and is the best evidence of its contents.

144.    The allegations in Paragraph 144 characterize a document, United States and Canada 2012 Progress Report of the Parties 34-35 (2016), which speaks for itself and is the best evidence of its contents.

145.    Defendants admit the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 characterize a document, Nutrients (Annex 4), which speaks for itself and is the best evidence of its contents.

147.    The allegations in Paragraph 147 characterize a document, United States and Canada, Great Lakes Water Quality Agreement (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

148.    The allegations in Paragraph 148 characterize a document, United States and Canada, Great Lakes Water Quality Agreement (Sept. 7, 2012), which speaks for itself and is the best evidence of its contents.

149.    Defendants re-allege and incorporate by reference all of the responses set forth above.

150.    The allegations in Paragraph 150 characterize provisions of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

151.    The allegations in the first sentence in Paragraph 151 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 151 contains allegations to which a response is required, they are denied.  Defendants deny the allegations in the second and third sentences in Paragraph 151.

152.    The allegations in Paragraph 152 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 152 contains allegations to which a response is required, they are denied.

153.    The allegations in the first sentence in Paragraph 153 constitute conclusions of law, to which no response is required, but to the extent that the first sentence in Paragraph 153 contains allegations to which a response is required, they are denied.  The allegations in the second and third sentences in Paragraph 153 characterize provisions of the Clean Water Act and the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents.

154.    The allegations in Paragraph 154 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 154 contains allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, which are vague and ambiguous.

155.    Defendants admit the allegations in Paragraph 155 only to the extent that harmful algal blooms and associated drinking water contamination have been

recorded in recent years, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 155, which are vague and ambiguous.

156.    The allegations in Paragraph 156 characterize documents, Michigan Department of Environmental Quality, Water Resources Division, Water Quality and Pollution Control in Michigan:  2016 Sections 303(d), 305(b), and 314: Integrated Report (Rev'd Jan. 2017), and U.S. EPA, Decision Document for the Approval of Michigan's 2016 Clean Water Act Section 303(d) List (Category 5) 22 (Feb. 2, 2017), which speak for themselves and are the best evidence of their contents.

157.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157, which are vague and ambiguous.

158.    The allegations in Paragraph 158 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 157 contains allegations to which a response is required, they are denied.

159.    The allegations in Paragraph 159 constitute conclusions of law, to which no response is required, but to the extent that Paragraph 159 contains allegations to which a response is required, they are denied.

The un-numbered paragraphs following Paragraph 159 constitute Plaintiffs' prayer for relief, to which no response is required, but to the extent that Plaintiffs'

prayer for relief contains allegations to which a response is required, Defendants deny that Plaintiffs are entitled to any relief.

To the extent any allegation in the Complaint has not been admitted or specifically responded to, Defendants deny such allegation.

## **DEFENSES**

Plaintiffs fail to state a claim upon which relief can be granted.

Defendants may have additional defenses which are not known at this time but which may become known as Plaintiffs clarify their claims. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12, once the precise nature of the claims or events is ascertained in the future.

Respectfully submitted this 20th day of October 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Daniel R. Dertke*
DANIEL R. DERTKE,
Daniel.Dertke@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-0994
daniel.dertke@usdoj.gov

JUSTIN E. HERDMAN
United States Attorney

JODY L. KING (0094125)
Assistant United States Attorney
Office of the U.S. Attorney
Northern District of Ohio
Four Seagate, Suite 308
Toledo, OH 43604-2624
Tel:  (419) 259-6376
Fax:  (419) 259-6360
Jody.King@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing
ANSWER with the Clerk of the Court by using the CM/ECF system.  The
participants in the case are registered CM/ECF users and service will be
accomplished by the CM/ECF system.

*/s/ Daniel R. Dertke*
Daniel R. Dertke